COLUMBUS (City), Plaintiff-Appellee, v. GUIDOTTI, Defendant-Appellant.

Ohio Appeals, Tenth District, Franklin County.

No. 5852.   Decided May 6, 1958.

Russell Leach, City Atty., William T. Gillie, Davis J. Myers, Asst. City Attys., Columbus, for plaintiff-appellee.

Simon P. Dunkle, William E. Edwards, Columbus, for defendant-appellant.

## OPINION

By MILLER, J.

This is a law appeal from a judgment of the Municipal Court finding the defendant guilty of disorderly conduct in violation of Section 29.20 of the Ordinance of the City of Columbus, Ohio.  This ordinance provides as follows:

"Whoever disturbs the good order and quiet of this city by any clamor or noise, the ringing of gongs for advertising purposes, or by intoxication, drunkenness, fighting, using obscene or profane language in any street or other public place to the annoyance of any of the citizens, or otherwise violates public peace by indecent and disorderly conduct or by lewd and lascivious behavior shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined not less than three dollars ($3.00) nor more than twenty dollars ($20.00) or be imprisoned not more than thirty days, or both."

The record reveals that at the time and place alleged in the affidavit

certain police officers were engaged in investigating an alleged robbery in the vicinity of Fulton and High Streets; that the defendant Louis J. Guidotti was seen running for a short distance and entering a nearby restaurant where he purchased a package of cigarettes and as he was leaving the premises he was accosted and stopped by three police officers dressed in plain clothes. In order to detain the defendant physical force was used upon him, who thereupon used certain vile and offensive language. He was overpowered by the officers, handcuffed and placed under arrest, at which time the officers identified themselves. He was later charged with disorderly conduct as alleged in the affidavit.

The defendant's evidence revealed that he was a citizen of good character, a resident of Sunbury, Ohio, having a place of business in Galena, and other business connections in Columbus and Westerville; that at about 6:30 P. M. he drove to Chillicothe, Ohio, accompanied by his wife and several friends in order to inspect a bowling alley which he was considering purchasing; that he returned to Columbus about 11:00 P. M. and when he reached Fulton and High Streets he parked his car near the corner and ran into a nearby restaurant in order to purchase a package of cigarettes. This attracted the attention of the officers who proceeded to act as previously set forth.

There is not a scintilla of evidence that the defendant had committed any violation of law prior to the time of his detention by the police officers. The defendant testified that he had the sum of $960.00 on his-person and that he feared he was being robbed. After he had been arrested he explained to the officers why he had entered the restaurant, told them that his friends were waiting for him in the parked automobile and asked them to investigate his statement, which request was refused. He was then taken to the police station and the charge preferred against him.

We are of the opinion that it was because of the provocation by the officers that he resisted their interference with his freedom by force and language which was not complimentary to their organization. Since the defendant had committed no offense prior to his detention, no grounds existed for his arrest and he was justified in resisting them by any manner or means which may have been reasonably necessary to retain his freedom. See **5 O. Jur. 2d, 61.** We recognize that under **§2935.04 R. C.,** an arrest may be made without a warrant when the officer has reasonable grounds to believe that a felony has been committed, but he was not arrested for this reason but only upon the charge of disorderly conduct. In the case of City of Jacksonville v. Headen, 48 Ill. App., 60, we think the court made an appropriate statement when it said in paragraph 2 of the syllabus:

"It is not the law that any threatening or insulting word, gesture or motion amounts to disorderly conduct. It may be of such a character or so provoked or conditioned as to be fully justified."

It is our conclusion that the conduct of the defendant was occasioned by the manner in which he was accosted by the officers and that the same was justifiable. It is indeed quite natural for a respectable citizen to become aroused and excited when accosted in the manner

in which he was and the things which he did under such circumstances should have been overlooked.

The judgment is therefore against the manifest weight of the evidence and the motion for a new trial should have been sustained.

The second assignment of error is not well taken and will be overruled.

The judgment is reversed and cause remanded for further proceedings according to law.

PETREE, PJ, BRYANT, J, concur.